SUMMARY ORDER
Appellant, Compañía Embotelladora del Pacifico, S.A. (“CEPSA”), appeals from an order of the district court, following a Jacobson remand, dismissing its lawsuit against Appellee, Pepsi Cola Company (“Pepsi”), for noncompliance with a prior order of this Court. See Compania Embottel Del Pacifico, S.A. v. Pepsi Cola Co., 114 Fed.Appx. 423 (2d Cir.2004). We assume the parties’ familiarity with the underlying facts and procedural history of this case, and with the issues raised on appeal.
In our prior summary order, filed September 24, 2004, we stated:
*124 We conclude that to assure ourselves that this lawsuit is being maintained by CEPSA with the approval of CEPSA’s creditors, the Junta itself — not the Special Creditors Committee — must, within a short but reasonable period of time to be established by the district court, formally give its approval in order for it to continue this lawsuit. If the Junta does not do so within the time allotted, the district court may again dismiss this lawsuit as to CEPSA.
* *
We therefore hereby VACATE the judgment of the district court and REMAND this matter with instructions for the court to stay the proceedings for a short, reasonable period of time to permit the Junta to vote on the continuation of the lawsuit. If the Junta ratifies the continuation of the lawsuit within the allotted time, CEPSA may, of course, pursue it. Otherwise, CEPSA shall be dismissed as a plaintiff.
Compania Embottel, 114 Fed.Appx. at 426.
On October 15, 2004, shortly after this order was filed, the Junta met for purposes of voting on “Continuation of the legal proceeding brought by [CEPSA] against Pepsico Inc.” Approximately 78% of CEPSA credits were represented at the meeting. Of the total credits (including those absent), 57.4% voted in favor of continuing the lawsuit. Neither CEPSA nor Pepsi sought the district court’s approval before scheduling or carrying out this vote.
On October 11, 2004, prior to the Junta vote, Pepsi filed a petition with Peru’s National Institute for the Defense of Competition and Protection of Intellectual Property (“INDECOPI”), seeking to have the upcoming vote declared a nullity because there was no active liquidation agreement in force. This request was later found “non-applicable” because it had neither been made or renewed within ten days after the challenged vote nor supported by at least 10% of the credits. A subsequent challenge by Pepsi in the Third Civil Court of Peru was rejected by the court for lack of jurisdiction. It appears, however, that a request in January 2005 to register the vote with the Public Registrar of Lima, Peru, was refused.
The district court dismissed CEP-SA’s lawsuit because “CEPSA did not comply in the slightest with the Second Circuit’s directive.” Compania Embottel Del Pacifico, S.A. v. Pepsi Cola Co., No. 00-cv-7677, 2007 WL 1467556, at *3, 2007 U.S. Dist. LEXIS 36669 (S.D.N.Y. May 18, 2007). We disagree. In light of the language of our order referring to “a short but reasonable period of time to be established by the district court,” it is indeed odd that CEPSA did not take the simple and obvious step of consulting with the district court before proceeding with a Junta vote. But there was nothing in our order that required the “reasonable period of time” in which CEPSA was to seek a vote to be determined by the district court in advance. And we do not think that seeking the vote less than one month after the date of our order and on the same day that the mandate of this court issued could have been deemed by the court to have been an unreasonable period of time.
We also conclude the October 15, 2004 Junta vote fulfilled the requirement of our order to “validly authorize[] the continuation of this litigation” in light of the INDECOPI Tribunal’s May 29, 2002 suggestion that the Junta was “free to meet again with the purpose of deciding on the confirmation of the lawsuit....” Regardless of their merits, Pepsi’s challenges to the Junta vote in Peruvian courts have apparently failed. Furthermore, we see no reason to require registration of the vote in Peru as a prerequisite for this *125 litigation. Having obtained the required confirmation, CEPSA may proceed with its litigation in the district court.[1]
CEPSA also requests consolidation of this case with Financiera de Desarrollo Industrial y Comercial, S.A. v. Pepsi Cola Co., No. 05-cv-02761 (S.D.N.Y., filed March 10, 2005). Consolidation may very well be appropriate in the interests of judicial economy. The decision to consolidate cases in the district court is, however, best left, in the first instance, to the sound discretion of that court. We therefore decline to order such consolidation.
For the foregoing reasons, the judgment of the district court is hereby VACATED AND REMANDED.

. We observe, separately, that Pepsi's various challenges to the CEPSA liquidator's election and the Liquidation Agreement have been unsuccessful to date, and that it appears that CEPSA remains in liquidation. See, e.g., Pl.’s Rule 28(j) Letter (June 13, 2008) at Ex. 1 (November 23, 2007 decision of the Superior Court of Justice of Lima, Seventh Civil Court, concurring with INDECOPI's position that CEPSA is still in liquidation). Should the Peruvian courts render any future decisions to the contrary, of course, our courts may address such developments as they occur.